IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BARBARA WHIMS,

        Plaintiff,

v

NCB MANAGEMENT SERVICES, INC.,

        Defendant.

Case No.:

Hon.

_____/

HURON LAW GROUP PLLC
Charles N. DeGryse (P72390)
Attorney for Plaintiff
30600 Telegraph Rd., Ste.1240
Bingham Farms, MI 48025
Tel: (248) 440-7322
Fax: (248) 327-2531
cdegryse@huronlawgroup.com
_____/

## COMPLAINT

NOW COMES Plaintiff, Barbara Whims, by and through her attorneys, Huron Law Group PLLC, and for her Complaint, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* In particular, Defendant continued collection attempts against Plaintiff following a request for validation.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Barbara Whims is a natural person and resident of Brighton, Livingston County, State of Michigan, and a "consumer" as defined by the FDCPA.

3. Defendant NCB Management Services, Inc. ("NCB") is a debt collector under 15 U.S.C.

§ 1692a(6) incorporated in Pennsylvania with its principal place of business in Trevos, Pennsylvania.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means

in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. Defendant had been attempting to collect an alleged consumer debt from Plaintiff for a debt with PNC Bank with account number ending in 5794.

13. On July 1, 2013, Plaintiff sent NCB a validation letter disputing the debt and requesting validation **(See Affidavit of Plaintiff attached as Exhibit 1)**.

14. Despite the validation request, "Greg Brewer" from NCB called and left messages on Plaintiff's answering machine at the following dates and times:

    a. July 6, 2013 at 11:24 a.m.

    b. July 7, 2013 at 11:47 a.m.

    c. July 8, 2013 at 11:24 a.m.

    d. July 11, 2013 at 10:50 a.m.

    e. July 16, 2013 at 12:14 p.m.

15. On July 8, 2013, NCB sent Plaintiff a collection letter **(Exhibit 2)**.

16. NCB never responded to Plaintiff's validation request.

17. NCB continues to call Plaintiff to collect the alleged debt.

## COUNT I—15 U.S.C. § 1692g(b)

18. Plaintiff incorporates by reference all other paragraphs of this Complaint.

19. Defendant improperly communicated with Plaintiff after receiving a validation request, but prior to validating the debt.

20. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692g(b) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C. Such other relief as the Court deems just and equitable.

## COUNT II—15 U.S.C. § 1692d

21. Plaintiff incorporates by reference all other paragraphs of this Complaint.

22. Defendant's repeated calls and messages despite the request for validation were an attempt to harass, oppress and abuse Plaintiff in connection to the collection of the debt.

23. Defendant's actions described above constitute a violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C. Such other relief as the Court deems just and equitable.

Respectfully submitted:

Dated: July 23, 2013

/s/ Charles N. DeGryse
Charles N. DeGryse (P72390)
Huron Law Group PLLC
Attorneys for Plaintiff